IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JANINE T.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND<br>ORDER AFFIRMING THE<br>COMMISSIONER'S FINAL DECISION<br><br><br>Case No. 2:23-cv-00726-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 6). 28 U.S.C. § 636(c). Plaintiff Janine T. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the entire record (Certified Administrative Record (Tr.), ECF 11) and the parties' briefs (ECF 13, 19, 20), the undersigned concludes that the administrative law judge's (ALJ) decision and corresponding decision of the Commissioner is supported by substantial evidence. For the reasons set forth below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 13) and AFFIRMS the decision of the Commissioner.

## I.        BACKGROUND

Plaintiff was 25 years old on her amended disability onset date of September 11, 1991 (Tr. 122). Plaintiff filed an application for DIB on February 24, 2020, alleging disability due to asthma; 2 level fusion; anxiety and depression; chronic pain in her back, right shoulder, and left knee; endometriosis; vocal cord surgery; and perianal lesion (Tr. 123).

The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims (Tr. 19–26). *See* 20 C.F.R. § 404.1520(a)(4). In a decision dated May 25, 2023, the ALJ determined at step two that Plaintiff had the following severe impairments: right shoulder osteoarthritis; degenerative disc disease with a history of fusion; left knee osteoarthritis; and right knee osteoarthritis (Tr. 20).[1] The ALJ found at step three that Plaintiff's impairments did not meet or medically equal a listed impairment from 20 C.F.R. Part 404, Subpart P, Appendix 1 (the listings) (Tr. 21).

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations, including:

> [S]he can occasionally climb ramps and stairs; she can never climb ladders, ropes, and scaffolds; she can frequently balance; she can occasionally stoop, kneel, crouch, and crawl; she can occasionally reach overhead with her right dominant upper extremity; she can never be exposed to hazards such as unrestricted heights and dangerous moving machinery; she can occasionally be exposed to extreme cold and pulmonary irritants; due to physical pain, she can perform complex, goal-oriented but not assembly line paced work.

(Tr. 21). *See* 20 C.F.R. § 404.1545(a)(1) ("Your [RFC] is the most you can still do despite your limitations."). Given this RFC, the ALJ determined, at step four, that Plaintiff was able to perform past relevant work as an elementary teacher, an employment specialist, and a general clerk (Tr. 26). The ALJ thus concluded that Plaintiff was not disabled under the Act (*id.*). *See* 20 C.F.R. § 404.1520(a)(4)(iv). On August 7, 2023, the Appeals Council then denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). This appeal followed.

---

[1] The ALJ also found that Plaintiff had non-severe impairments of asthma; left shoulder osteoarthritis; hallux valgus and hammer toes; depression; anxiety; attention deficit disorder; post-traumatic stress disorder; obesity; and internal hemorrhoids (Tr. 20). Plaintiff however does not challenge any of these findings on appeal.

## II.    STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As stated by the United States Supreme Court, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 103. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The court's inquiry, "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 587 U.S. at 108.

## III.    DISCUSSION

The issues raised on appeal all concern the fourth step in the five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 404.1520(a). At step four, the ALJ is to consider its assessment of the claimant's RFC and their "past relevant work." *Id.* at § 404.1520(a)(4)(iv). "If [the claimant] can still do [their] past relevant work," then they will be found "not disabled" for purposes of their DIB claims. *Id.* At the time of the ALJ's decision and final decision of the Commissioner, "past relevant work" was defined as work the claimant had done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* at § 404.1560 (2023).

3

In her opening brief, Plaintiff asks the court to review whether there was substantial evidence to support the ALJ's findings that Plaintiff's employment as a substitute teacher, an employment specialist, and a general clerk qualify as "past relevant work" (ECF 13 at 1–2). As already noted, Plaintiff does not challenge the ALJ's findings concerning the first three steps of the five-step sequential evaluation process for disability claims (*see generally id.*). In other words, Plaintiff does not challenge the ALJ's findings that Plaintiff was engaged in substantial gainful activity from January 1, 2022 through the date of the ALJ's decision, but that there was a continuous twelve month period during which Plaintiff did not engage in substantial gainful activity (Tr. 20). Nor does Plaintiff challenge the ALJ's findings concerning the severity of her impairments and that she has an RFC reflecting that she can perform a reduced range of light work (Tr. 20–21). Plaintiff's arguments are entirely limited to the ALJ's findings related to her past relevant work (*see* ECF 13).

In response, the Commissioner focused on the ALJ's finding regarding Plaintiff's past relevant work as an employment specialist (ECF 19 at 12). As the Commissioner points out, the ALJ only needed to find that Plaintiff could have performed any single occupation from among her past relevant work in order for Plaintiff to be found "not disabled" at step four of the analysis (*id.* at 12–13). *See* 20 C.F.R. §§ 404.1520, 404.1560(b); *see also Gorian v. Colvin*, 180 F. Supp. 3d 863, 875–77 (D.N.M. 2016) (finding that the ALJ did not commit an error at step four even though the ALJ failed to make adequate findings related to the plaintiff's past relevant work as an elevator repair person because the ALJ properly concluded that, alternatively, plaintiff could perform his past relevant work as an elevator inspector). In support of the ALJ's decision, the Commissioner cited Plaintiff's application wherein she reported to the agency that she worked as an employment specialist in 2010 and 2011, working six hours a day for four days per week (ECF

19 at 13–14; Tr. 472). Moreover, based on Plaintiff's earnings record, the Commissioner argues that the evidence demonstrated that Plaintiff's monthly average earnings in 2010 and 2011 were $1,780.89 and $1,017.95, respectively (ECF 19 at 14; Tr. 436). Consequently, Plaintiff's monthly average income for 2010 and 2011 exceeded the monthly substantial gainful activity levels for those respective years. *See Substantial Gainful Activity*, Social Security Administration, https://www.ssa.gov/oact/cola/sga.html.

Finally, the Commissioner asserts that Plaintiff performed her work as an employment specialist for a sufficient amount of time to meet the duration element at step four, because Plaintiff worked as an employment specialist long enough for her "to learn to do it" (ECF 19 at 15). *See* 20 C.F.R. § 404.1565(a). This determination is based on the Dictionary of Occupational Titles (DOT)[2] which, according to the Commissioner, indicates that "the employment specialist position . . . has [a specific vocational preparation] level of 5, which requires six months to one year to learn," and Plaintiff worked in that position "for at least a year-and-a-half, which was more than enough time to learn the job" (ECF 19 at 15; Tr. 26, 109–10). *See* DOT App'x C, 1991 WL 688702; *see also* Program Operations Manual System (POMS), Social Security Administration, https://secure.ssa.gov/poms.nsf/lnx/0425001001.

Upon review of the Commissioner's arguments, Plaintiff conceded, in her Reply Brief, that "substantial evidence" supported the vocational expert's testimony about her past relevant work as an employment specialist during 2010 and 2011 (ECF 20 at 3). Plaintiff also conceded that her earnings during that time were above the substantial gainful activity levels (*id.*). Notwithstanding those concessions, Plaintiff still believes she is entitled to a reversal based on recent changes to

---

[2] The court notes that the DOT is an acceptable source to consider when engaging in a step four analysis concerning past relevant work. *See* 20 C.F.R. § 404.1560(b)(2) (noting that in "[d]etermining whether [the claimant] can do [their] past relevant work" the Commissioner "may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements").

the relevant federal regulations (*id.*). Plaintiff argues in her Reply Brief that in September 2023, the Commissioner indicated that they were considering changing the requirements for past relevant work to be considered under step four, and the amendments would limit the relevant timeframe to work performed within the last five years, and not fifteen years (*id.*). On this basis, Plaintiff believes the ALJ should not have taken into consideration her job as an employment specialist in 2010 and 2011 because that work was performed over ten years ago (*id.*). For the following reasons the court is unpersuaded by this argument.

First, the court notes that Plaintiff's argument that the ALJ should have only considered her work experience from the past five years was raised for the first time in her Reply Brief. As this court has previously stated, "generally issues raised for the first time in a reply brief are not considered." *Uckerman v. O'Malley*, No. 2:23-cv-276 DBP, 2024 WL 4028229, at *2 (D. Utah Sept. 3, 2024). "This rule applies to social security cases as well as other appellate matters, because '[t]he 'trial' has already occurred at the agency level, and the district court acts as a first-tier appellate court in reviewing these cases.'" *Id.* (quoting *Hamilton v. Sec'y of Health & Hum. Servs. of U.S.*, 961 F.2d 1495, 1501 (10th Cir. 1992)). The court therefore need not consider Plaintiff's argument on this point.

Furthermore, the court notes that the relevant amendments to the regulations, reducing the timeframe for past relevant work from fifteen years to five years, did not go into effect until June 22, 2024. *See Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work; Deferral of Effective Date*, 89 Fed. Reg. 48138-01 (June 5, 2024). Concurrent with those amendments, the Commissioner specifically indicated that these changes would apply "to all claims newly filed and pending beginning on June 22, 2024." *Id.* By June 22, 2024, Plaintiff's claims certainly were not newly filed and could not be considered pending as the

Commissioner had already rendered a final decision on the matter (Tr. 1–6). *See e.g.*, *Dawn Louise M. v. O'Malley*, No. 4:24-cv-00130-DKG, 2024 WL 4388155, at *4 (D. Idaho Oct. 3, 2024) (denying a request to apply the revised regulation regarding the period for past relevant work, concluding that "a district court applies the laws, regulations, and policy rulings as they were in effect at the time of the final decision"); *Marvella W. v. Comm'r of Soc. Sec.*, No. CV 23-21104 (RMB), 2024 WL 4533331, at *7 n.2 (D.N.J. Oct. 21, 2024) (similarly denying a plaintiff's argument that the newly enacted five-year timeframe should apply rather than fifteen stating that the court "applies the regulations on past relevant work that were on the books when the Commissioner's decision become final").

What's more, the "principle against retroactive legislation" applies to the relevant regulations, "under which courts read laws as prospective in application unless Congress has unambiguously instructed retroactivity." *Vartelas v. Holder*, 566 U.S. 257, 266 (2012). Here, Congress has made no such instruction, and Plaintiff only cites the reasoning presented by the Commissioner for altering the relevant timeframe and even acknowledges the Commissioner's intent that "the law would have no retroactive effect" (ECF 20 at 5). The court therefore declines Plaintiff's request to interpret the change to the relevant regulations as having a retroactive effect as concerns Plaintiff's DIB claims.

As previously acknowledged, the ALJ only needed to find that Plaintiff could perform at least one occupation from her past relevant work, which qualifies as substantial gainful activity, for Plaintiff to not be considered disabled at step four. *See Gorian*, 180 F. Supp. 3d at 875–77. Plaintiff conceded that her work as an employment specialist meets the regulatory definition for past relevant work and does not dispute that she can perform that work. Based on these concessions and arguments presented by the Commissioner, the court determines that the ALJ's findings with

regard to Plaintiff's past relevant work as an employment specialist are supported by substantial evidence. Furthermore, Plaintiff failed to demonstrate that the relevant time period for past relevant work should be five years rather than fifteen years.

## IV.   CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED.  Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the United States Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 12 December 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah